IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHAUNDRA CAPERS,

    Plaintiff,

v.

SAMSON DENTAL PARTNERS LLC, PAUL
WINDISCH, and KATHLEEN BROOKE,

    Defendants.

Case No. 18-2531-JAR-TJJ

**MEMORANDUM AND ORDER**

In this employment discrimination case, Plaintiff alleges three counts: discrimination and retaliation in violation of 42 U.S.C. § 1981 against all defendants, retaliation and discrimination in violation of Title VII, and discrimination in violation of Title VII against Defendant Samson Dental Partners LLC. This matter is before the Court on Defendants' Motion for a More Definite Statement (ECF No. 6). The motion is now fully briefed, and the Court is prepared to rule. For the reasons set forth below, the Court grants the motion in part and denies it in part.

**I.   Legal Standard**

Under Fed. R. Civ. P. 12(e), a motion for more definite statement "must point out the defects complained of and the results desired." Rule 12(e) provides that an order requiring a more definite statement of a pleading is appropriate when the pleading to which the party is required to respond is "so vague or ambiguous that the party cannot reasonably prepare a response." Whether to grant or deny a motion for a more definite statement is within the sound discretion of the court.[1] In this district, such motions are disfavored and should not be granted in

---

[1] *Graham v. Prudential Home Mtg. Co.*, 186 F.R.D. 651, 653 (D. Kan. 1999).

cases where a pleading merely "lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[2] Rule 12(e) requires minimal pleading, and a motion for a more definite statement is properly granted "only when a party is unable to determine the issues to which a response is required. Fed. R. Civ. P. 12(e) is designed to strike at unintelligible pleadings rather than pleadings that lack detail."[3]

**II.     Analysis**

Defendants argue Count II is insufficient because it fails to specify against which defendant it is asserted and because it combines claims for retaliation and discrimination. Defendants also argue both Counts II and III are insufficient because they fail to plead a prima facie case of race discrimination under Title VII and because these two Counts are substantively indistinguishable.

Plaintiff addresses Defendants' argument that Count II is insufficient for failure to specify a defendant by attaching a proposed amended complaint to her response. In it, she clarifies that Count II is "Against Defendant Samson." Defendants argue Count II of the proposed amended complaint is still insufficient because it alleges two causes of action – retaliation and discrimination. But having multiple theories of recovery in one paragraph does not make an allegation so vague or ambiguous that Defendants could not respond.[4]

---

[2] *Peterson v. Brownlee*, 314 F. Supp. 2d 1150, 1155–56 (D. Kan. 2004) (quoting *Advantage Homebuilding, LLC v. Assurance Co. of Am.*, No. Civ. A. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. Mar. 5, 2004)).

[3] *Ewing v. Andy Frain Sec. Co.*, No. 11-cv-2446-JAR-DJW, 2012 WL 162379, at *1 (D. Kan. Jan. 19, 2012) (citing *Creamer v. Ellis Cty. Sheriff Dept.*, No. 08–4126–JAR, 2009 WL 484491, at * 1 (D. Kan. Feb. 26, 2009)).

[4] *Clem v. Business Admin. Servs., Inc.*, No. 86-2332-S, 1986 U.S. Dist. LEXIS 19193, at *1 (D. Kan. Oct. 10, 1986) (denying a motion for a more definite statement after finding that "while plaintiff does allege separate theories of recovery in the same paragraph, said theories of recovery stem from the same set of facts or circumstances.").

Defendants also complain that they are unable to distinguish substantively between Counts II and III of the complaint[5] because both allege discrimination against the same defendant under Title VII. But the substantive allegations in these two counts are different. Count II is labeled "Retaliation/Discrimination in Violation of Title VII Against Defendant Samson."[6] It alleges that Defendant Samson discriminated and retaliated against Plaintiff "by subjecting her to increased scrutiny and eventually involuntary termination following Plaintiff's complaint" about her co-worker/supervisor Defendant Windisch to Human Resources.[7] Count III is labeled "Violation of Title VII Based on Race Discrimination Against Defendant Samson."[8] It alleges that "Defendant Samson illegally discriminated against Plaintiff with regard to the terms and conditions of her employment on account of her race in that it treated other employees better than her with respect to its disciplinary practices and codes of conduct."[9] These counts allege separate conduct and technically different claims. They are not "unintelligible"[10] nor are they "so vague or ambiguous that [Defendants] cannot reasonably prepare a response."[11] Further, "[t]he discovery process should be used to learn additional details with respect to the claims."[12]

The Court is also not persuaded by Defendants' argument that a more definite statement should be required because Plaintiff has not pled a prima facie case of race discrimination under

---

[5] The allegations in Plaintiff's original complaint and proposed amended complaint are identical. The only difference is Plaintiff's clarification that Count II is asserted against "Defendant Samson." Because the allegations are the same, reference to the "complaint" includes both the original complaint and proposed amended complaint unless otherwise specified.

[6] ECF No. 9-1 at 6. Count II in Plaintiff's original complaint is labeled "Retaliation/Discrimination in Violation of Title VII" (ECF No. 1 at 6). But again, the allegations under Count II are the same in the original complaint and proposed amended complaint.

[7] ECF No. 9-1 at 7, ¶ 44.

[8] *Id.* at 7.

[9] *Id.* at 7, ¶ 49.

[10] *See Ewing v. Andy Frain Sec. Co.*, No. 11-cv-2446-JAR-DJW, 2012 WL 162379, at *1 (D. Kan. Jan. 19, 2012).

[11] Fed. R. Civ. P. 12(e).

[12] *Ewing*, 2012 WL 162379, at *1.

Count II of the complaint. Although considering the elements of a prima facie case can help the Court "to determine whether Plaintiff has set forth a *plausible* claim" in the context of a Rule 12(b)(6) motion, Plaintiff is *not* required to establish a prima facie case in her complaint.[13] To establish a prima facie case of race discrimination in this case, Plaintiff would have to show: (1) she was a member of a protected class; (2) she was qualified and satisfactorily performing her job; and (3) she was terminated under circumstances giving rise to an inference of discrimination.[14] In her complaint, Plaintiff alleges she is an African American female who had an employment contract with Defendant Samson.[15] She was subsequently terminated without first receiving any disciplinary notices.[16] She alleges Defendants Windisch and Brooke are both Caucasian individuals "who made decisions about [Plaintiff's] employment which were illegally motivated by race and retaliation."[17] And, specifically under Count II, Plaintiff alleges she was "discriminated/retaliated against by Defendant Samson based on her report about discriminatory conduct by Defendant Windisch against Plaintiff because of her race."[18] If Defendants question whether Count II is really only a retaliation claim, they can ferret out that issue during discovery.[19] Regardless, considering the elements of a prima facie case of race discrimination, along with the minimal pleading standard applicable to a motion for more definite statement, the

---

[13] *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (emphasis added).

[14] *Barlow v. C.R. Eng., Inc.*, 703 F.3d 497, 505 (10th Cir. 2012) (quoting *Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004)).

[15] ECF No. 1 at 1, ¶ 2.

[16] *Id.* at 5, ¶ 29.

[17] *Id.* at 2, ¶ 5.

[18] Id. at 7, ¶ 43. As noted previously, Count II of the proposed amended complaint is also titled "Retaliation/Discrimination in Violation of Title VII Against Defendant Samson" (ECF No. 9-1 at 6).

[19] *See Creamer v. Ellis Cty. Sheriff Dept.*, No. 08-4126-JAR, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009) ("Additional details with respect to the claims should be elicited through the discovery process.").

Court finds that Plaintiff has alleged a plausible claim of race discrimination in Count II of her complaint such that a more definite statement is not required.

Defendants also argue the complaint is insufficient because Plaintiff has not established that she is an "employee" and Defendant Samson is an "employer" for purposes of her Title VII claims (Counts II and III). Defendants cite *Arbaugh v. Y&H Corp.*[20] in support of their argument. Although that case did hold "the threshold number of employees for application of Title VII is an element of plaintiff's claim for relief," it did not hold that a motion for a more definite statement should be granted if a complaint does not include the number of a defendant's employees. As discussed above, Plaintiff is not required to plead a prima facie case in her complaint. Plaintiff has alleged that Defendant Samson was her employer at all material times;[21] a more definite statement is not required. If Defendant Samson wants to raise the defense that it is not an "employer" within the meaning of Title VII because it has too few employees, it presumably has the information necessary to do so.

Finally, although the complaint does refer to Plaintiff as an African American female and Plaintiff does reference a claim for gender discrimination in her response,[22] she does not make any reference or claim to gender discrimination in either her original complaint or proposed amended complaint. Therefore, because there is no claim for gender discrimination alleged in either Plaintiff's original complaint or proposed amended complaint, the Court does not need to consider whether Plaintiff has adequately stated such a claim. If during discovery information is discovered that Plaintiff believes would support a claim for gender discrimination, she should move to amend her complaint to add this additional claim.

---

[20] 546 U.S. 500 (2006).

[21] ECF No. 1 at 1, ¶ 2.

[22] ECF No. 9 at 3.

In sum, Defendants' motion is granted only insofar as Count II fails to specify against which defendant it is asserted. Plaintiff's proposed amended complaint corrects this issue. Plaintiff is directed to file her proposed amended complaint forthwith. Defendants' motion is otherwise denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for a More Definite Statement (ECF No. 6) is granted in part and denied in part as discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff is directed to file her amended complaint attached to her response (ECF No. 9-1) forthwith.

**IT IS SO ORDERED.**

Dated February 22, 2019, at Kansas City, Kansas.

                                                              _____
                                                              Teresa J. James
                                                              U. S. Magistrate Judge